IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MEHMOOD ALI MAKNOJIA, § <br> § <br> *Petitioner*, § <br> § <br> v. § <br> § <br> KRISTI NOEM, Secretary, U.S. Department § <br> of Homeland Security; TODD LYONS, § <br> Acting Director, U.S. Immigration and § <br> Customs Enforcement (ICE); MARCOS § <br> CHARLES, Acting Executive Associate § <br> Director, ICE and Removal Operations; § <br> Warden, IAH Secure Adult Detention Facility § <br> PAMELA BONDI, U.S. Attorney General, § <br> § <br> *Respondents*. § | CIVIL ACTION NO. 9:26-CV-00023 <br> JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Mehmood Ali Maknojia's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

Petitioner Mehmood Ali Maknojia ("Maknojia") is a Pakistani national. [Dkt. 1 at ¶ 1]. On April 6, 1995, Maknojia was ordered removed and was subsequently removed. *Id.* at ¶ 12. He reentered the United States without authorization, a federal misdemeanor. *Id.* at ¶ 13. "At the end of 2025," United States Immigration and Customs Enforcement ("ICE") took him into custody. *Id.* at ¶ 22.

On January 16, 2026, Maknojia brought a habeas corpus petition, claiming a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention. [Dkt. 1].

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Maknojia filed (in essence) one claim with his petition asserting a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention.

First, habeas relief "'may not be used to correct mere irregularities or errors of law.'" *Id* (quoting *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959)). Habeas is only to be used for release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). The fact that officials have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F.App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

Now for the prolonged detention argument. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the

Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701.

It appears from the face of the Petition that this six month period has not yet passed. Maknojia has not demonstrated that "there is no significant likelihood of removal in the reasonably near future." *Id.* Therefore, his Petition cannot be granted.

### IV. CONCLUSION

Because Maknojia has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Maknojia's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 20th day of January, 2026.**

Michael J. Truncale
United States District Judge