IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MEHMOOD ALI MAKNOJIA, § § § *Petitioner*, § § v. § § KRISTI NOEM, Secretary, U.S. Department § of Homeland Security; TODD LYONS, § Acting Director, U.S. Immigration and § Customs Enforcement (ICE); MARCOS § CHARLES, Acting Executive Associate § Director, ICE and Removal Operations; § Warden, IAH Secure Adult Detention Facility § PAMELA BONDI, U.S. Attorney General, § § *Respondents*. § | CIVIL ACTION NO. 9:26-CV-00023 JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING MOTION TO ALTER JUDGMENT**

Before the Court is Petitioner Mehmood Ali Maknojia's Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) (the "Motion") [Dkt. 1]. For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

Petitioner Mehmood Ali Maknojia ("Maknojia") is a Pakistani national. [Dkt. 1 at ¶ 1]. On April 6, 1995, Maknojia was ordered removed and was subsequently removed. *Id.* at ¶ 12. He reentered the United States without authorization, a federal misdemeanor. *Id.* at ¶ 13. "At the end of 2025," United States Immigration and Customs Enforcement ("ICE") took him into custody. *Id.* at ¶ 22.

On January 16, 2026, Maknojia brought a habeas corpus petition, claiming a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention. [Dkt. 1]. The Court denied that petition on January 20, 2026. [Dkt. 2]. Maknojia filed the present Motion seeking

1

to alter that decision on February 17, 2026. [Dkt. 3].

## II. LEGAL STANDARD

Maknojia brings his Motion under Federal Rule of Civil Procedure 59(e). "Rule 59(e) governs motions to alter or amend a final judgment." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation modified). Under Rule 59(e), courts may reconsider their rulings when: (1) there has been an intervening change in controlling law; (2) there is new evidence not previously available; or (3) there is a need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (alteration added) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Solid State Storage Sols., Inc. v. STEC, Inc.*, No. 2:11-CV-391-JRG-RSP, 2012 WL 12904107, at *1 (E.D. Tex. Sept. 27, 2012) (Gilstrap, J.) (citing *Tex. Instruments, Inc. v. Hyundai Elecs. Indus. Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999)). "District court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2022 WL 2252585, at *2 (E.D. Tex. June 22, 2022) (Mazzant, J.) (quoting *Hernandez v. Rush Enters., Inc.*, No. 4:19-CV-638, 2021 WL 1163725, at *1 (E.D. Tex. Mar. 26, 2021)). "Rule 59(e) . . . 'may not be used to relitigate old matters . . . .'" *Ward v. Dir., TDCJ-CID*, No. 6:17CV537, 2019 WL 4673302, at *4 (E.D. Tex. May 22, 2019) (Clark, J.) (alteration added) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

A district court has "considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). But this discretion is not unbounded; when considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* "Reconsideration of a judgment . . . is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted).

### III. DISCUSSION

As an initial matter, Maknojia brings a number of arguments he could have made in his initial Petition. This alone renders his Motion insufficient. *Templet*, 367 F.3d at 479. Nevertheless, these arguments fail for independent reasons discussed below.

Maknojia argues ICE failed to follow its own regulations requiring notification and reasons for revocation of supervision. [Dkt. 3-1 at 5–6, citing 8 C.F.R. § 241.4. *See also id.* at 8–9]. According to Maknojia this failure, combined with the fact that ICE has not found another country to accept him, amounts to a Fifth Amendment violation.

Important for this case is the harmless error doctrine. Harmless error applies in immigration cases such as this one. *See Rangel-Betancourt v. Barr*, 820 F.App'x 253 (5th Cir. 2020) (applying harmless error in appeal from the Board of Immigration Appeals); *Williams-Igwonobe v. Gonzales*, 437 F.3d 453 (5th Cir. 2006) (applying harmless error in review of immigration decision).

Other courts in this Circuit have found that even if ICE's detention without compliance with Section 241.4, "a writ of habeas corpus would not be an inappropriate remedy." *Surovtsev v. Noem*, No. 1:25-CV-160-H, 2025 WL 3264479, at *4 (N.D. Tex. Oct. 31, 2025) (Hendrix, J.). This is because habeas relief "'may not be used to correct mere irregularities or errors of law.'" *Id* (quoting *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959)). Habeas is only to be used for

3

release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). The fact that officials have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F. App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

Now for the argument that ICE has not found another country to which Maknojia will be sent. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. When those six months begin is an important question on which there is no consensus. Some district courts have assumed "that *Zadvydas*' six month period does not reset when the government detains someone, releases him from detention, and then re-detains him again." *Surovtsev*, 2025 WL 3264479 at *7 (quoting *Nguyen v. Scott*, --- F.Supp.3d ---, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025)) (cleaned up). Other district courts have disagreed. *Guerra-Castro v. Parra*, No. 1:25-CV-22487, 2025 WL 1984300 (S.D. Fla. July 17,

2025); *Thai v. Hyde*, 788 F.Supp.3d 57 (D. Mass. 2025); *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42, 2018 WL 1321576 (M.D. Ga. Mar. 14, 2018).

As an initial matter, the Court is not persuaded that the six month clock is incapable of resetting after re-detention. Maknojia appears to conclude the six month period ended around 2008 or 2009. [Dkt. 3-1 at 7]. At present, Maknojia has been detained for less than six months. He still has the burden of challenging his detention. *Zadvydas*, 533 U.S. at 701. To carry that burden, Maknojia provides no evidence whatsoever; he simply states in his Petition, and reiterates that statement in his Motion, that removal is unlikely. [*See* Dkts. 1, 3-1].

Nevertheless, other courts have recognized "the lack of prior third-country removal might be salient where 'there is presently no country in the world willing to accept the petitioner.'" *Surovtsev*, 2025 WL 3264479 at *8 (quoting *Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 399 (D.N.J. 2025)). Maknojia does not make such an assertion. Moreover, he fails to take into account how foreign policy—which is firmly within the domain of the Executive—has changed: "the new administration [has effected] a well-known sea change in the area of third-country removals." *Id.* "In essence, turning back the clock to what could have been done before January 20, 2025 would forever bind the administration to the conduct of past administrations." *Id.* Maknojia's Motion therefore fails.

5

## IV. CONCLUSION

It is therefore **ORDERED** that Maknojia's Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) [Dkt. 3] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 27th day of February, 2026.**

Michael J. Truncale
United States District Judge